I WILLIAM H. BYRNES, III, Chief Judge.
The plaintiff Vernon Cooper’s writ application is granted to review the trial court’s ruling that denied the plaintiffs motion in limine. We affirm.

Facts

In the early morning hours of May 25, 1998, a Public Belt Railroad (“PBR”) train hit the plaintiff as he left the “Moonwalk”, a public area located near the Mississippi River. At the time of the accident, Cooper was allegedly walking across the railroad tracks, returning to the French Quarter.

Procedural History

Vernon Cooper sued PBR and various others, alleging theories of negligence and strict liability.[1]
Ingrid Pucciarelli was allegedly an eyewitness to the accident. PBR obtained an affidavit from Ms. Pucciarelli on May 28, 1999. In August 1999, the plaintiff sought discovery of the affidavit and the investigative report of PBR’s investigator. PBR refused to relinquish the affidavit or the report, and Cooper sought to compel discovery of these documents. Following an in camera | ¡/inspection, the trial court ruled that the documents were privileged and refused to order production of the documents. On April 12, 2000, in writ no. 99-C-3175, this court denied Cooper’s writ application, finding that on the showing made, Cooper failed to show an abuse of the trial court’s discretion.
*183 In her September 8, 2000 deposition, Ms. Pucciarelli testified that she had no recollection of the contents of her affidavit, had not seen the affidavit prior to the deposition, and that she did not draft the affidavit. Further, she did not remember a notary being present during the signing of the affidavits. Cooper’s counsel alleges that he was unable to discuss the affidavit with Ms. Pucciarelli because she had no recollection of the document, and PBR had refused to produce it because of its claim that the affidavit was privileged.
On July 1, 2002, PBR waived its privilege and supplemented its discovery with the affidavit. Ms. Pucciarelli’s affidavit contradicts the testimony given in her deposition in some respects and mentions another alleged eyewitness, Jason Valde-via, who was placed on PBR’s witness list on the same date that discovery was supplemented. On July 23, 2002, Cooper filed a motion in limine to preclude the affidavit from being used at trial on the ground that PBR’s untimely waiver enabled PBR to engage in trial by ambush and prejudices the plaintiffs case. On September 10, 2002, the trial court denied Cooper’s motion, and ruled that the parties would be permitted to introduce evidence and testimony concerning Ms. Pucciarelli’s affidavit. Cooper requests a review of that ruling.
In his writ application, Cooper argues that the trial court erred by denying his motion in limine because: (1) the affidavit and the investigative report are the 13work product of PBR and should not be admissible under the La.Code of Evidence; and (2) PBR’s expert should not be allowed to testify based on privileged documents.
The trial court’s ruling does not address the admissibility of the investigative report or what documents may be addressed by PBR’s expert witness at trial. At issue in Cooper’s present writ application is whether the trial court erred in denying Cooper’s motion in limine to exclude Mrs. Pucciarelli’s May 28,1999 affidavit.

Standard of Review

The trial court has great discretion in its consideration of evidentiary matters such as motions in limine. Heller v. Nobel Insurance Group, 2000-0261 (La.2/2/00), 753 So.2d 841; Furlough v. Union Pacific RR Co., 33,658 (La.App. 2 Cir. 8/31/00), 766 So.2d 751, 757, writ denied, 2000-2929 (La.1/12/01), 781 So.2d 556. On review, the appellate court must determine whether the trial court abused its great discretion in ruling on a motion in limine.

Waiver of Work Product Qualified Privilege

Cooper argues that previously the trial court and this court found that the affidavit is privileged, and is not discoverable or admissible at trial. In previously denying supervisory writs, this court implied that the affidavit was privileged when it stated:
On the showing made, we find no abuse of the trial court’s discretion in denying plaintiffs motion to compel production of documents. The plaintiff failed to show that the denial of this information would unfairly prejudice the plaintiff in preparing his claim or would cause him undue hardship. See La. C.C.P. art. 1424.
La. C.C.P. art. 1424 provides in pertinent part:
|4Art. 1424. Scope of discovery; trial preparation; materials
The court shall not order the production or inspection of any writing obtained or prepared by the adverse party, his attorney, surety, indemnitor, expert, or agent in anticipation of litigation or in preparation for trial unless satisfied that denial of production or inspection will unfairly prejudice the party seeking the production or inspection in preparing his *184 claim or defense or will cause him undue hardship or injustice. The court shall not order the production'or inspection of any part of the writing that reflects the mental impressions, conclusions, opinions, or theories of an attorney or an expert.
In the first paragraph, La. C.C.P. art. 1424 creates two types of privileges for discovery materials: (1) The first sentence provides for a qualified privilege; and (2) the second sentence provides for an absolute privilege.
The affidavit in question apparently was taken by one of PBR’s investigators before a notary and is privileged pursuant to the first sentence of La. C.C.P. art. 1424. In denying Cooper’s original writ application, this court recognized the qualified nature of the privilege when it noted that Cooper failed to demonstrate that denial of access to this information would unfairly prejudice him or cause him undue hardship.
The affidavit consists of Ms. Pucciarelli’s impressions only, and the affidavit is privileged under the first sentence of La. C.C.P. art. 1424, which governs writings obtained by the adverse party in preparation for trial. Cooper provides no cases that hold that the work product privilege cannot be waived or that documents obtained under the work product privilege are inadmissible at trial.
La. C.C.P. art. 1424 provides that information covered by the work product rule may be released in cases wherein a party can show prejudice or hardship if access to the privileged information is denied.
|,fin Simmons v. Transit Management of Southeast Louisiana, Inc., 2000-2530 (La.App. 4 Cir. 2/7/01), 780 So.2d 1074, 1076-1078, unit denied, 2001-0421 (La.2/16/01), 786 So.2d 106, this Court noted:
... La. C.C.P. art. 1424, which establishes the “attorney work-product rule,” generally prohibits courts from ordering “the production or inspection of any writing obtained or prepared by the adverse party, his attorney, surety, indem-nitor, expert, or agent in anticipation of litigation or in preparation for trial.” However, that prohibition does not apply when the court is “satisfied that denial of production or inspection will unfairly prejudice the party seeking the production or inspection in preparing his claim or defense or will cause him undue hardship or injustice.” The purposes of the work-product rule are both to provide an attorney a “zone of privacy” within which he is free to evaluate and prepare his case without scrutiny by his adversary and to assist clients in obtaining complete legal advice. Hodges v. Southern Farm Bureau Casualty Insurance Co., 433 So.2d 125, 131-32 (La.1983). Moreover, the privilege created by the work-product doctrine is qualified, not absolute. Id. at 131.
Louisiana’s jurisprudence consistently has recognized that the privilege created by the work product doctrine is qualified, not absolute. Landis v. Moreau, 2000-1157, p. 9-10 (La.2/21/01), 779 So.2d 691, 697; Hodges v. Southern Farm Bureau Cas. Ins. Co., 433 So.2d 125, 131-32 (La.1983); Whittenburg v. Zurich American Ins. Co., 2000-2697 (La.App. 4 Cir. 4/18/01), 786 So.2d 163, 166.

Absolute Privilege under 23 U.S.C. § 4.09

Cooper maintains that Ms. Pucciarelli’s affidavit is privileged because it consists of the mental impressions, conclusions, opinions or theories of an attorney or an expert and that the privilege is an absolute one. Cooper refers to Palacios v. Louisiana and Delta R.R., Inc., 98-2932 (La.7/2/99), 740 So.2d 95 and Sevario v. State ex rel. Dept. of Transp. and Development, 98- *185 1302 (La.App. 1 Cir. 1/10/99), 752 So.2d 221, writ denied, 1999-3457 (La.4/7/00), 759 So.2d 760, and writs not considered, 1999-3638 & 2000-0044 (La.4/7/00), 759 So.2d 81, 82, for the proposition that PBR’s experts should not be allowed to render an opinion based on these privileged documents.
Palacios and Sevario, are distinguishable from the present case. In both cases, the plaintiffs’ experts relied on documents privileged under 23 U.S.C. § 409, a federal statute that bars discovery and admission as evidence of highway safety information compiled by the states for the purpose of obtaining federal funds to enforce safety. The purpose for the creation of that evidentiary privilege was to foster the free flow of safety-related information by precluding the possibility that such information later would be admissible in civil tort suits. Palacios, swpra, 740 So.2d 95 at 98. For that reason, an absolute prohibition against discovery or use of such information exists.
The work product privilege differs from the privilege created by 23 U.S.C. § 409. Because of the need to promote the free flow of information, the privilege created by 23 U.S.C. § 409 must necessarily be absolute, i.e., that information must be shielded from discovery and admission at trial at all cost. However, the work product privilege provides an attorney a “zone of privacy” within which he is free to evaluate and prepare his case without scrutiny by his adversary and to assist clients in obtaining complete legal advice. Landis v. Moreau; supra; Whittenburg v. Zurich American Ins Co., supra.
The work product privilege may be waived, and in the present case, PBR waived the privilege when it voluntarily provided Cooper with Ms. Pucciarelli’s affidavit. Additionally, the parties do not dispute the fact that the affidavit will be Lused at trial solely for impeachment purposes. At the time that the issue of dis-coverability of the affidavit was first addressed by the trial court and this court, neither party had deposed Mr. Pucciarelli and neither party had listed her as a witness. However, when she gave a slightly different version of how the accident occurred, PBR recognized that the affidavit may be needed for impeachment purposes, waived its work product privilege, and voluntarily provided Cooper with the affidavit.

Privileged Information Admissible for Impeachment Purposes

This court has previously stated that use of privileged information for impeachment purposes, even in cases wherein privileges have not been waived, is a recognized exception to various privileges because of the need to further the goal of truthseeking. In Pitard v. Stillwater Transfer and Storage Co., 589 So.2d 1127, 1132 (La.App. 4 Cir.1991), writs denied, 594 So.2d 1314 (La.1992), the dissent stated:
Even as to confessions, in furtherance of this principal of truthseeking, prosecutors may use otherwise inadmissible, incriminating statements to impeach the testimony of a defendant. Harris v. New York, 401 U.S. 222, 225, 91 S.Ct. 643, 645-46, 28 L.Ed.2d 1 (1971).
In the present case, the affidavit is admissible for impeachment purposes.

Prejudice

Cooper also contends that he will be prejudiced if PBR is allowed to use the affidavit to impeach Ms. Pucciarelli because PBR used its claim of privilege to deny Cooper timely access to the affidavit. Cooper argues that he is prejudiced because he has been ambushed by the inconsistencies in Ms. Pucciarelli’s testimony, *186 and it will cause him undue hardship. Cooper notes that had Ms. Pucciarelli “been given the affidavit prior to her perpetuation deposition, she | ¿would have had a fair opportunity to refresh her recollection, state that she did not review it carefully, or explain any inconsistencies prior to and during her testimony.”
PBR points out that it is not clear that the affidavit will be used until Ms. Pucciar-elli is called as a witness at trial. Only if she testifies contrary to her affidavit at trial, will the need arise to use the document to impeach her. Cooper has adequate time until the February 2008 trial date to depose Ms. Pucciarelli again if he feels that more information is needed from her. Cooper did not show that he has been prejudiced by the late disclosure of this affidavit.
Cooper failed to show that the trial court abused its discretion in denying the plaintiffs motion in limine.
Accordingly, the ruling of the trial court is affirmed.

WRIT GRANTED: RELIEF DENIED; AFFIRMED.

. This case has been before this court several times in the past. Cooper v. Public Belt Railroad, unpub., 1999-C-3175 (La.App. 4 Cir. 4/12/00); Cooper v. Public Belt Railroad, unpub., 2000-C-0204 (La.App. 4 Cir.4/19/00); Cooper v. Public Belt Railroad, 2000-0378 (La.App. 4 Cir. 12/20/00), 776 So.2d 639; Cooper v. Public Belt Railroad, unpub., 2002-C-1555 c/w 2002-C-1556 (La.App. 4 Cir. 9/20/02).