NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

15-778

STATE IN THE INTEREST OF B.C.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 11-CC-39
HONORABLE PATRICIA KOCH, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

BILLY HOWARD EZELL
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and John E. Conery, Judges.

AFFIRMED.

**Camille Joseph Giordano**
**Giordano & Giordano**
**P. O. Box 12624**
**Alexandria, La 71315**
**(318) 445-5567**
**COUNSEL FOR APPELLANT:**
      **J. C. (mother)**

**Field Vernon Gremillion, III**
**Attorney at Law**
**711 Washington Street**
**Alexandria, LA 71301**
**(318) 445-6021**
**COUNSEL FOR APPELLEE:**
      **State of Louisiana, Department of Children & Family Services**

**Deirdre Renee Fuller**
**Fuller Law Firm, L.L.C.**
**602 Murray Street**
**Alexandria, LA 71301**
**(318) 448-3456**
**COUNSEL FOR APPELLEE:**
      **B. C. (child)**

**Heather Cooley**
**Rapides Parish Public Defender**
**929 Johnston Street**
**Alexandria, LA 71301**
**(318) 445-3132**
**COUNSEL FOR APPELLEE:**
      **C. S. (father)**

**Tiffany N. Sanders**
**Rapides Parish Public Defender**
**929 Johnston Street**
**Alexandria,, LA 71301**
**(318) 443-9080**
**COUNSEL FOR APPELLEE:**
      **C. S. (father)**

**Eugene P. Cicardo, Jr.**
**Joseph M. Reynolds**
**P. O. Box 1128**
**Alexandria, LA 71309**
**(318) 445-2097**
**COUNSEL FOR APPELLANT:**
      **J. C. (mother)**

**EZELL, Judge.**

J.C. appeals the decision of the trial court below denying her exception of no cause of action and motion in limine, and retaining the custody of her child, B.C.[1], with the State. For the following reasons, we affirm the decision of the trial court.

The initial facts of this case were set out in a prior decision of this court as follows:

> On May 4, 2011, the Department of Children and Family Services (DCFS) in Rapides Parish received a report of physical abuse involving the minor child, B.C. Pursuant to Chapter 6, Title 6 of the Louisiana Children's Code, B.C. was removed from the custody of his parents, J.C. (the mother) and C.S. (the father).
>
> A Continued Custody Hearing was held on May 19, 2011. J.C. was not present at the hearing, but the attorney appointed to represent J.C. stipulated, without any admission of fault, that there were reasonable grounds to believe the child was in need of care and continued custody was necessary.
>
> On March 7, 2014, DCFS received a second report of physical abuse involving B.C. At the time of this report, B.C. was living with his father, C.S., in Rapides Parish. J.C. was living at that time in California. An Instanter Order was obtained to remove the child from C.S.'s custody. The affidavit in support of the Instanter Order for removal alleges physical abuse on the part of C.S. against the child. No allegation was made concerning J.C.
>
> On March 13, 2014, a Continuing Custody Hearing was held pertaining to the March 7, 2014 removal. At that hearing, C.S. stipulated, without admitting fault, that there were reasonable grounds to believe the child was in need of care and continued custody was necessary for the child's safety and protection. J.C. was not present at the March 13, 2014 Continued Custody Hearing, nor is there any indication in the record she was made aware of the hearing.
>
> On April 7, 2014, a petition was filed by the State of Louisiana alleging physical abuse on the part of B.C.'s father, C.S. The only reference to J.C. in the Petition was as follows:
>
> > [B.C.'s] mother is [J.C.]. [B.C.] was removed from [J.C.'s] care in May of 2011 and given to [C.S.]. According to [J.C.], she has had very minimal contact with [C.S.] and has not seen [B.C.] since then.

---

[1] Pursuant to Uniform Rules–Courts of Appeal, Rule 5–2, initials are used throughout to protect the identity of the minor.

*State in Interest of B.C.,* 14-783, pp. 3-4 (La.App. 3 Cir. 12/10/14), 161 So.3d 836, 837-38 (alterations in original). In that decision, we remanded the case to the trial court after finding the trial court had rendered a disposition of custody without properly allowing J.C. to participate in such a hearing.

On remand, the trial court held a hearing on disposition. At the hearing, the trial court denied an exception of no cause of action filed by J.C., who alleged the petition contained no allegations of improper conduct by her. The trial court further denied a motion in limine filed by J.C., seeking to limit the evidence to that pertaining to the April 7, 2014 petition. After a hearing containing testimony from workers from the Department of Children's and Family Services (DCFS) as well as the foster mother caring for B.C. at the time of trial, the trial court determined that the best interest of B.C. decreed that he remain in the custody of the State at that time. From that decision, J.C. appeals.

On appeal, J.C. asserts three assignments of error. She claims that the trial court erred in denying her exception of no cause of action, in granting custody of B.C. to the State, and in denying her motion in limine.

In her first assignment of error, J.C. claims that the trial court erred in denying her exception of no cause of action. We disagree. The standard of review when an appellate court is presented with an exception of no cause of action is well-settled. Our supreme court, in *Ramey v. DeCaire,* 03-1299, pp. 7-8 (La. 3/19/04), 869 So.2d 114, 118-19 (citations omitted), stated the following:

> A cause of action, when used in the context of the peremptory exception, is defined as the operative facts that give rise to the plaintiff's right to judicially assert the action against the defendant. The function of the peremptory exception of no cause of action is to test the legal sufficiency of the petition, which is done by determining whether the law affords a remedy on the facts alleged in the pleading. No evidence may be introduced to support or controvert an exception of no cause of action. Consequently, the court reviews the petition and

2

accepts well-pleaded allegations of fact as true. The issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought.

Louisiana has chosen a system of fact pleading. Therefore, it is not necessary for a plaintiff to plead the theory of his case in the petition. However, the mere conclusions of the plaintiff unsupported by facts does not set forth a cause of action.

The burden of demonstrating that the petition states no cause of action is upon the mover. In reviewing the judgment of the district court relating to an exception of no cause of action, appellate courts should conduct a *de novo* review because the exception raises a question of law and the lower court's decision is based solely on the sufficiency of the petition. The pertinent question is whether, in the light most favorable to plaintiff and with every doubt resolved in plaintiff's behalf, the petition states any valid cause of action for relief.

Accordingly, we will review the exception de novo.

It is true that the April 7, 2014 petition filed by the State of Louisiana alleged physical abuse on the part of B.C.'s father, C.S., only. The State even stipulated at trial that J.C. was a non-offending parent as to the second allegation of child abuse. However, as noted in the recitation of facts above, J.C. was mentioned in the April 7, 2014 petition was as follows: "[B.C.'s] mother is [J.C.]. [B.C.] was removed from [J.C.'s] care in May of 2011 and given to [C.S.]. According to [J.C.], she has had very minimal contact with [C.S.] and has not seen [B.C.] since then." *State in the Interest of B.C.*, 161 So.3d at 838. We find, as did the trial court, that the allegations that B.C. was removed from J.C.'s care by the state in 2011 and that she subsequently had minimal contact with the child were sufficient to state a cause of action against her. This assignment of error is without merit.

J.C. next claims that the trial court erred in allowing the state to retain custody of B.C., rather than returning custody to her. Again, we disagree.

In cases involving the custody of children, the trial court is vested with a vast amount of discretion. *Bagents v. Bagents,* 419 So.2d 460, 462 (La.1982). The trial court is in a better position to evaluate the best interest of a child because of its superior opportunity

3

to observe the parties and witnesses who testified at the trial. *In re State Ex. Rel. Thaxton,* 220 So.2d 184, 187 (La.App. 1 Cir.1969). As an appellate court, we must afford great deference to the trial court's decision, not only because of that court's better capacity to evaluate witnesses, but also because of the proper allocation of trial and appellate functions between the respective courts. *Canter v. Koehring Company,* 283 So.2d 716, 724 (La.1973). Thus, the trial court's decision will not be disturbed on review except in the clearest case of abuse of the trial court's great discretion. *Bagents, supra.*

*State ex rel. A.R.,* 99-813, p. 8 (La.App. 1 Cir. 9/24/99), 754 So.2d 1073, 1077-78;

*see also Bergeron v. Clark,* 02-493 (La.App. 3 Cir. 10/16/02), 832 So.2d 327, *writ*

*denied,* 03-134 (La. 1/29/03), 836 So.2d 54.

We have thoroughly reviewed the record in the instant case and are of the opinion that the trial court's decision in maintaining custody with the state was supported by the evidence. The trial heard the testimony of Nancy Branton, foster care supervisor from the DCFS. Ms. Branton testified that it was her recommendation that B.C. remain in the State's custody, as neither parent had completed their respective case plan. Specifically, J.C. had not completed parenting classes as of that time and still had to go through a required Interstate Compact for the Placement of Children home study, since she lives outside of Louisiana. J.C. stipulated that Trinity George would testify as to the same opinion as Ms. Branton. The trial court also heard the testimony of Mrs. Glenda Jones, the foster mother for B.C. Mrs. Jones testified that B.C. was a wonderful child who was helpful, obedient, and doing well in foster care. These testimonies, along with the record showing that B.C. had previously been removed from J.C.'s care for alleged physical abuse[2] give the trial court ample support for its finding that B.C.'s best interest required that he remain in the custody of the State. This assignment of error is also without merit.

---

[2] Through her attorney, J.C. stipulated, without any admission of fault, that there were reasonable grounds to believe the child was in need of care at that time.

4

Finally, J.C. claims that the trial court erred in failing to grant her motion in limine. The section of J.C.'s brief dealing with the motion in limine is a mere three sentences. Those sentences contain a scant recitation of procedural history and no argument as to why or how the trial court erred in denying the motion. We need not address this assignment of error, as assignments of error not briefed will not be considered, since they are deemed abandoned. Uniform Rules of Courts of Appeal, Rule 2–12.4. However, we will briefly address this assignment of error for the sake of thoroughness.

> The trial court has great discretion in its consideration of evidentiary matters such as motions *in limine. Heller v. Nobel Insurance Group,* 2000-0261 (La.2/2/00), 753 So.2d 841; *Furlough v. Union Pacific RR Co.,* 33,658 (La.App. 2 Cir. 8/31/00), 766 So.2d 751, 757, *writ denied,* 2000-2929 (La.1/12/01), 781 So.2d 556. On review, the appellate court must determine whether the trial court abused its great discretion in ruling on a motion *in limine.*

*Cooper v. Pub. Belt R.R.,* 02-2051, p. 3 (La.App. 4 Cir. 1/22/03), 839 So.2d 181, 183. After reviewing the record before this court, it is clear that the trial court sought to hear all evidence relevant to B.C.'s best interest in order to best determine those interests. We cannot find that the trial court abused its great discretion in denying J.C.'s motion in limine. This assignment of error is devoid of merit.

For the above reasons, we hereby affirm the decision of the trial court. Costs of this appeal are hereby assessed against J.C.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rule 2–16.3.

5