| JAMIE GLASER | * | NO. 2024-CA-0059 |
|---|---|---|
| VERSUS | * | COURT OF APPEAL |
| NOAH HASSLOCK | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2021-05237, DIVISION "A"
Honorable Ellen M Hazeur, Judge
* * * * * *
**JUDGE SANDRA CABRINA JENKINS**
* * * * * *

(Court composed of Judge Sandra Cabrina Jenkins, Judge Tiffany Gautier Chase, Judge Karen K. Herman)

Emma Kingsdorf Schwab
IRPINO, AVIN & HAWKINS
2216 Magazine Street
New Orleans, LA 70130

  COUNSEL FOR PLAINTIFF/APPELLEE

J. William Starr
ATTORNEY AT LAW
3505 Lake Kristin Drive
Gretna, LA 70056

  COUNSEL FOR DEFENDANT/APPELLANT

**AFFIRMED**
**AUGUST 21, 2024**

SCJ
TGC
KKH

This appeal arises from the execution of a promissory note in the amount of $9,000.00 between Jamie Glaser ("Ms. Glaser") and Noah Hasslock ("Mr. Hasslock"). Mr. Hasslock appeals the trial court's October 3, 2023 judgment awarding $9,000.00 in damages and $2,765.28 in attorney's fees in favor of Ms. Glaser. For the reasons to follow, we affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Ms. Glaser and Mr. Hasslock were engaged to be married. Prior to their marriage, a home was purchased solely in the name of Mr. Hasslock with the understanding that the home would serve as their marital domicile. Ms. Glaser received $9,000.00 from her parents to assist with wedding costs. Ms. Glaser elected to use the $9,000.00 to help Mr. Hasslock with a down payment on the home. On December 31, 2014, a promissory note (the "Note") in the amount of $9,000.00 was executed between Ms. Glaser and Mr. Hasslock. In consideration, the funds from Ms. Glaser were only to be used for the first time purchase of a single family home. The Note outlined the events of acceleration: 1) "Maker's failure to use the fund[s] to purchase a first time single family home," 2) "Maker's

1

failure to put home into 'joint tenancy' with Payee," and 3) "Payee does not live in home purchased with these funds."

Mr. Hasslock purchased a single family home in Destrehan, Louisiana on February 26, 2015, using the $9,000.00 for the down payment. A few months later, Ms. Glaser and Mr. Hasslock married, and the home was their marital domicile. Ms. Glaser and Mr. Hasslock divorced on November 21, 2018.

Ms. Glaser filed a petition to enforce the Note on June 21, 2021. Thereafter, on July 23, 2021, Mr. Hasslock filed a peremptory exception of prescription. Mr. Hasslock alleged that Ms. Glaser's claims prescribed pursuant to La. C.C. art. 3498.[1] Mr. Hasslock argued an event of acceleration occurred when he failed to put the home into joint tenancy with the payee, and over five years passed since the Note was executed and the home was purchased. Ms. Glaser opposed, arguing that prescription did not begin to run until she moved out of the property. Subsequent to a hearing on the exception, the trial court denied the exception of prescription. Thereafter, Ms. Glaser moved for summary judgment, in which the trial court denied the motion.

The trial court issued a scheduling order on December 14, 2021. The schedule set May 31, 2022, as the deadline for discovery. Mr. Hasslock moved for leave to file an amended answer on October 17, 2022. Next, Mr. Hasslock moved for supplementation of discovery responses under La. C.C.P. art. 1428.[2] After a

---

[1] Louisiana Civil Code article 3498 provides "[a]ctions on instruments, whether negotiable or not, and on promissory notes, whether negotiable or not, are subject to a liberative prescription of five years. This prescription commences to run from the day payment is exigible."

[2] Louisiana Civil Code of Procedure article 1428 states:

> A party who has responded to a request for discovery with a response that was complete when made is under no duty to supplement his response to include information thereafter acquired, except as follows:

2

show cause hearing, the trial court signed a judgment on March 15, 2023, denying Mr. Hasslock's motion to order supplemental discovery responses. Mr. Hasslock filed a notice of intent to apply for supervisory writ. This Court denied the writ on May 25, 2023. *See Glaser v. Hasslock*, 2023-C-0320 (unpub.).

Thereafter, on July 25, 2023, Mr. Hasslock submitted pre-trial inserts which included two witnesses and an exhibit that were not previously disclosed during discovery. Ms. Glaser filed a motion in limine to exclude the testimony of the undisclosed witnesses and the exhibits produced beyond the discovery deadline. Trial was held on September 25, 2023. Prior to the commencement of trial, a hearing on the motion in limine was held, and the trial court granted the motion in limine.

On October 3, 2023, the trial court signed a judgment in favor of Ms. Glaser, awarding $9,000.00 in damages and $2,765.28 in attorney's fees. Mr. Hasslock filed a motion for suspensive appeal or in the alternative a devolutive appeal on November 21, 2023. Thereafter, Mr. Hasslock moved to convert the motion to a devolutive appeal. This appeal timely followed.

## DISCUSSION

(1) A party is under a duty seasonably to supplement his response with respect to any question directly addressed to the identity and location of persons having knowledge of discoverable matters, and the identity of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify, and the substance of his testimony.

(2) A party is under a duty seasonably to amend a prior response if he obtains information upon the basis of which he knows that the response was incorrect when made, or he knows that the response though correct when made is no longer true and the circumstances are such that a failure to amend the response is in substance a knowing concealment.

(3) A duty to supplement responses may be imposed by order of the court, agreement of the parties, or at any time prior to trial through new requests for supplementation of prior responses.

In Mr. Hasslock's two assignments of error, he argues: 1) the trial court erred in granting the motion in limine, preventing the allowance of evidence or questioning concerning the gift letter signed by Ms. Glaser on January 6, 2015; and 2) the trial court erred in not allowing him to introduce evidence relating to his personal Capital One Bank account.[3]

### *Motion in Limine*

Mr. Hasslock asserts he discovered the January 6, 2015 gift letter signed by Ms. Glasser, which referenced the money loaned to him for the purchase the home. Mr. Hasslock further asserts that the gift letter indicated Ms. Glasser gifted him $6,000.00. Mr. Hasslock contends that the Hasslock Capital One Account should have been allowed into evidence because the account shows the $6,000.00 deposit and the account was mentioned in the initial discovery filed by Ms. Glaser.

"[T]he standard of review for a motion in limine is abuse of discretion." *River Rental Realty LLC v. Deep S. Leasing, LLC*, 2017-0982, p. 8 (La. App. 4 Cir. 6/20/18), 250 So.3d 372, 377 (citing *Cooper v. Pub. Belt R.R.*, 2002-2051, p. 3 (La. App. 4 Cir. 1/22/03), 839 So.2d 181,183).

Here, based on the September 25, 2023 hearing transcript, the trial court references Mr. Hasslock's failure to timely disclose the witnesses and exhibits. In relevant excerpts, the trial court relayed:

THE COURT:

Okay. Thank you both. Plaintiff's motion in limine is granted. In its exhibit and witness list filed on April 21, 2022 Defendant does not list any representatives from Capital One or Crescent Title. He also does not list any gift letter. Defendant never revised these lists to identify these witnesses or this exhibit. To allow witnesses and evidence that

---

[3] Appellant identifies his personal bank account and joint bank account by designating the full account numbers. As a precautionary measure to protect the parties' privacy, we have elected to only list the bank accounts as "Hasslock Capital One Account" and "Joint Capital One Account."

> were not timely disclosed to Plaintiff would be unfair and prejudicial to Plaintiff. Accordingly, Plaintiff's motion in limine is granted as prayed for.

The trial court concluded that it would be prejudicial to Ms. Glaser if Mr. Hasslock was allowed to introduce witnesses and exhibits that were not timely disclosed. "It is well established that trial courts in Louisiana have broad discretion when regulating pre-trial discovery, which discretion will not be disturbed on appeal absent a clear showing of abuse." *Hamilton v. Nat'l Union Fire Ins. Co.*, 2022-0106, p. 7 (La. App. 4 Cir. 11/9/22), 351 So.3d 829, 835 (quoting *Moak v. Illinois Cent. R.R. Co.*, 631 So.2d 401, 406 (La. 1994)).

The record provides that Mr. Hasslock waited approximately thirteen months after the discovery deadline to disclose the witnesses and exhibits. While Mr. Hasslock asserts that he discovered the gift letter after approaching the title company to get copies of the checks used as down payment on the purchase of the house, we do not find this argument to be persuasive. Mr. Hasslock as the sole mortgage holder had the means to ascertain the gift letter and the Hasslock Capital One Account documents that were associated with his mortgage application prior to the discovery deadline.

Additionally, while Mr. Hasslock contends that he should have been allowed to introduce evidence of the Hasslock Capital One Account which was the subject of Ms. Glaser's original discovery requests, he fails to consider that prior to the discovery deadline, Ms. Glaser sent him a certificate pursuant to La. R.S. 6:333[4] on May 2, 2022, requesting his signature to obtain the documents from the account

---

[4] Louisiana Revised Statute 6:333 outlines the limited circumstances for disclosure of a customer's financial records. *See City Life Live, L.L.C. v. Post Office Employees Fed. Credit Union*, 55,483, p. 21 (La. App. 2 Cir. 5/15/24), 385 So.3d 1175, 1185.

they were joint account holders on. However, Mr. Hasslock waited approximately four months to sign and return the certificate, which was after the discovery deadline. Therefore, we do not find that the trial court abused its discretion in granting Ms. Glaser's motion in limine.

*Promissory Note*

Lastly, we address whether the Note was extinguished. Mr. Hasslock asserts that the Note was extinguished because the money was a gift.

At trial, Ms. Glaser testified that she did not have sufficient credit when she and Mr. Hasslock were looking to purchase a house, thus her name was not going to be on the title. Ms. Glaser relayed that she received $9,000.00 as a wedding fund to her, in which she transferred the money to her personal bank account. She testified that she agreed to loan Mr. Hasslock the $9,000.00 to be used towards the down payment, but required him sign the Note documenting the terms of the loan. Ms. Glaser testified that there were two separate transfers—the first being a November 14, 2014 transfer from her personal checking account to she and Mr. Hasslock's joint checking account for $6,000.00, and the second being a check for $3,000 on December 31, 2014. Ms. Glaser also testified that the $6,000.00 was transferred to the Joint Capital One Account, and the funds were withdrawn from Joint Capital One Account on December 23, 2014 to the Hasslock Capital One Account. Ms. Glaser relayed that the Capital One subpoena showed that the Hasslock Capital One Account was Mr. Hasslock's bank account.

Ms. Glaser's mother, Susan Simon, testified that she witnessed Hasslock sign the Note and that he was not intoxicated. Ms. Simon testified that she understood that the $9,000.00 would be returned to Ms. Glaser if the house was to remain in Mr. Hasslock's name only or if the marriage ended.

6

[COUNSEL FOR MS. GLASER]:

What was your understanding about the money that was subject to the note – was your understanding about the money from [Ms. Glaser] to [Mr. Hasslock]; was it a gift, was it a loan, what was it?

MRS. SIMON:

Well they were getting married, so obviously it was given as a good heart like yes I want to participate in this house, I want to be part of the house. However, if that house was going to remain in his name only, or if he left her or she left him, then he owed that much to her because she didn't have any stake in the ownership of the house. The only stake she had was that $9000. So my understanding was she wanted her [$]9000 back if he didn't keep the promise or the marriage.

Mrs. Simon further testified that when purchasing a house, a person cannot use borrowed funds for a down payment. She attested that she was asked to designate the $3,000.00 check as a gift so that it did not appear to be a loan. Mrs. Simon elaborated that she and her husband gifted the money to Ms. Glaser, and Ms. Glaser directed them to make her gift payment directly to Mr. Hasslock. Mrs. Simon testified that she agreed to it as long as Mr. Hasslock signed the Note.

Mr. Hasslock testified that the money was provided to him as a gift. Mr. Hasslock attested he did not recall signing the Note.

[COUNSEL FOR MS. GLASER]:

. . . I'm just asking you does the document identify you as the maker?

MR. HASSLOCK:

My name is next to the maker on the bottom.

* * *

[COUNSEL FOR MS. GLASER]:

And it says in the event any payment under this note is not paid when due the maker agrees to pay in addition to the principal and interest hereunder, reasonable attorney[']s fees not exceeding 15% of the outstanding balance owed and agreed, plus all other reasonable

expenses incurred by payee in exercising any of its rights and remedies upon default. Did I read that correctly?

MR. HASSLOCK:

I am confident that you can read, yeah. I don't -yes, you read it correctly.

Mr. Hasslock further testified he had no knowledge of the Capital One Bank account that he and Ms. Glaser shared. Mr. Hasslock also testified that he was intoxicated when he signed the Note.

At the conclusion of trial, the trial court made the following findings: 1) Ms. Glaser made a prima facie case which then shifted the burden to Mr. Hasslock to prove nonexistence or extinguishment of the Note; 2) Mr. Hasslock did not meet his burden; and 3) Ms. Glaser's intent was to loan the money rather than give a gift to Mr. Hasslock. The trial court noted that while Mr. Hasslock claimed that he was intoxicated when he signed the Note, such a testimony was self-serving as Mr. Hasslock did not have corroborating evidence to establish that he was intoxicated, or that Ms. Glaser knew or should have known he was intoxicated. The trial court additionally noted that Mr. Hasslock testified that he only received $3,000.00, however, in his written request for admission he admitted that he received $9,000.00 for the down payment. The trial court explained that the Joint Capital One Account reflected that $6,000.00 was deposited from Ms. Glaser's personal bank account. Finally, the trial court found it was Ms. Glaser's intent to loan the money to Mr. Hasslock in light of the execution of the Note on the same date the check was dated and made payable to Mr. Hasslock.

In light of the record before us, we find that Mr. Hasslock failed to carry his burden of proving that the Note was extinguished. As such, we do not find that the

trial court erred in awarding $9,000.00 in damages and $2,765.28 in attorney's fees in favor of Ms. Glaser.

## CONCLUSION

For the foregoing reasons, we affirm the trial court's October 3, 2023 judgment awarding $9,000.00 in damages and $2,765.28 in attorney's fees in favor of Ms. Glaser.

**AFFIRMED**