### STODDARD *v.* PRESIDENT, ETC., OF THE DELAWARE & H. CANAL CO.

*(Supreme Court, General Term, Third Department.*    December 8, 1891.)

CHANGE OF VENUE—LOCAL PREJUDICE.

> In an action for damages growing out of a railroad accident in Washington county, defendant moved for a change of venue from Washington county, on the ground that most of the persons injured in the accident were residents of that county, and that it would therefore be difficult or impossible to obtain a fair trial there, which motion was sustained by affidavits.    *Held*, there being facts sustaining defendant's contention, that the same were not overcome by the "opinions" of plaintiff's witnesses that a fair trial could be had, and that the venue was properly changed.

Appeal from special term, Washington county,

Action by Clarence F. Stoddard against the president, managers, and company of the Delaware & Hudson Canal Company.    From an order changing the place of trial plaintiff appeals.    Affirmed.

Argued before LEARNED, P. J., and MAYHAM, J.

*Westfall & Whitcomb,* for appellant.    *Edwin Young,* for respondent.

LEARNED, P. J.    This is an appeal from an order changing the place of trial on the ground that an impartial trial cannot be had in Washington county, named in the complaint.    This is plainly a question of fact; and the opinion of the learned justice at special term should be followed, unless very evident error has been committed.    The facts stated by the defendant on the motion are very strong.    The cause of action arose out of a railroad accident, by which a large number of persons were injured, most of them residents of Washington county.    There many of them have made claims against defendant for damages arising out of this accident.    Without going into detail of the affidavits, it is enough to say that there are many facts which show that it would probably be difficult or impossible to have an impartial trial in Washington county.    These facts are not overcome by the opinions of plaintiff's witnesses that there is no prejudice, and that an impartial trial could be there had.    The order is affirmed, with $10 costs and printing disbursements.