CHARLES ALTHISER et al., Appellants, v. RICHMONDVILLE CREAMERY CO., INC., et al., Respondents.

Third Department, May 9, 1961.

*Bliss & Bouck* (*F. Walter Bliss* and *Francis J. Holloway* of counsel), for appellants.

*John B. Bingham* (*T. Paul Kane* of counsel), for respondents.

Gibson, J. The plaintiffs appeal from an order which granted defendants' motion to change the place of trial upon the ground that there is reason to believe that an impartial trial cannot be had in the County of Schoharie. (Civ. Prac. Act, § 187, subd. 2.)

The plaintiffs, who are dairy farmers and milk producers, sue, upon an alleged oral contract, to recover from defendants, foreign corporations having offices and places of business in Schoharie County, sums representing the difference between the amounts paid by defendants to plaintiffs for milk during a 12 months' period and the amounts which plaintiffs would have received at the higher rate allegedly paid other producers by defendants' competitor. All, or, in appellants' words, "practically all" of the 126 plaintiffs reside in Schoharie County. The Special Term indicated, by implication at least, that these persons and the members of their families plus a substantial number of other producers selling milk to defendants, and "in the same position" as plaintiffs, and the members of such other producers' families, constitute a not inconsiderable part of the adult population of the "small rural county" in which the venue was laid and for which the jury list is of but 1,500 names. (See opinion, 27 Misc 2d 456.) Beyond this, the movants allege that the corporation of which defendants are subsidiaries purchases milk from a Schoharie County co-operative association of some 400 producers — defendants contending that these producers and the members of their families "should be disqualified from acting as jurors" — and that defendants and their parent corporation purchase milk from farmers in at least 14 of the 16 towns in the county. The moving affidavit, indeed, avers that individuals thus interested or biased "constitute a large portion of the eligible jurors" of the county. In addition, we may properly note the undoubted fact that in a dairying community the milk price is an economic factor of some interest and concern to various persons other than producers and sometimes engenders problems to which jurors generally are sympathetic.

Appellants dispute the legal disqualification under section 455 of the Civil Practice Act of any undue proportion of the eligible jurors, but such, of course, is not the only test to be applied under subdivision 2 of section 187 and, indeed, prejudice and bias, because more often and more readily concealed, may wield even more insidious influence. With greater reason,

appellants attack the absence of more specific factual averments, but, while additional particularization might have been possible, we recognize that such is rendered difficult in many cases by the very nature of the relief and of the supposed interests and influences, and perhaps other intangibles, upon which it must be grounded; and it seems to us sufficient if there be shown facts, that is, existent influential factors, from which probable partiality in substantial degree, and upon the part of a substantial number of persons, and such as to presage appreciable and extensive influence, may reasonably be inferred; so that, in the language of the statute, "there is reason to believe that an impartial trial cannot be had". (Civ. Prac. Act, § 187, subd. 2.) Thus measured, the proof upon which the order rests seems to us to meet at least the minimal requirements implicit in the statute. That being so, we will not disturb the sound exercise by Special Term of the discretion of some considerable range conferred upon it in applications of this nature. (*Stoddard* v. *Delaware & Hudson Canal Co.*, 62 Hun 619, opinion in 16 N. Y. S. 621; 6 Carmody-Wait, New York Practice, § 48, p. 154; and cf. 56 Am. Jur., Venue, § 56, pp. 58–59.)

Additionally, appellants assert a claim of laches, arising out of defendants' failure to move until more than 16 months after joinder of issue. However, the experienced Justice at Special Term was familiar with the local situation respecting terms, calendars and delay, and, indeed, through pretrial procedures, was conversant with the progress and status of this particular litigation; and we find in the papers before us no sound basis for holding that the court acted improvidently in overruling the claim of laches and in thus determining that the motion had been made within a reasonable time and not, as suggested by appellants, in pursuance of dilatory tactics.

The order should be affirmed, with $10 costs.

BERGAN, P. J., COON, REYNOLDS and TAYLOR, JJ., concur.

Order affirmed, with $10 costs.