387 So.2d 1374 (1980)
Lona ANDRY, Wife of and Melvin Andry
v.
CUMIS INSURANCE SOCIETY, INC. and Allstate Insurance Co.
Sondra SILBERT, Wife of/and Leonard Silbert
v.
Susan Q. LEWIS et al.
Nos. 11058, 11059.
Court of Appeal of Louisiana, Fourth Circuit.
July 30, 1980.
As Amended on Denial of Rehearings September 24, 1980.
*1375 Frank J. D'Amico, New Orleans, for plaintiffs-appellants.
Porteous, Toledano, Hainkel & Johnson, Henry Leon Sarpy, Hammett, Leake, Hammett, Hulse & Nelson, Frank H. Walk, Jr., New Orleans, for defendants-appellees.
Drury & Lozes, Steven M. Lozes, New Orleans, for defendants-appellees, cross appellants.
Before BOUTALL, GARRISON, and BARRY, JJ.
GARRISON, Judge.
This is an unusual appeal from a judgment granted by the district court in accordance with a jury verdict with which the trial judge disagreed. The facts of this most unusual case are as follows:
On February 25, 1975 a chain reaction motor vehicle accident occurred on I-10 near the Louisa Street Exit. Four vehicles were involved. The driver of the first vehicle, a South Central Bell truck, was Ronald Tweedel. The driver of the second vehicle, a pick-up truck owned by Southern Engine & Pump Co., was Lawrence Hanrahan. The third vehicle was driven by Sondra Silbert and the fourth vehicle, driven by Susan Lewis, contained a guest passenger, Lona Andry. Lona Andry and her husband filed suit against the insurer of Leonard and Sondra Silbert and the insurer of Susan Lewis, seeking damages in the amount of $51,504.01[1] on January 13, 1976 in civil action number 76-0459. On January 16, 1976, Sondra Silbert and Leonard Silbert filed suit number 76-0804 against Susan Lewis, Ronald Tweedel, South Central Bell, Lawrence Hanrahan, Southern Engine & Pump Co. and the insurers of all parties, seeking damages in the amount of $21,750.00. On April 19, 1977 the two cases were consolidated.
After a trial by jury, the district court adopted the findings and verdict of the jury, rendering judgment on December 4, 1978 in favor of Lona and Melvin Andry, and against Cumis and Allstate Insurance Companies and granting damages in the amount of $20,000.00 to Lona Andry and $5,000.00 to Melvin Andry. All other suits and parties were dismissed.
In his written reasons for judgment, the district court judge communicated his shocked reaction to the award of damages granted by the jury:
"This Court is of the opinion that the jury award is grossly inadequate. Proven and even admitted special damages were in excess of $18,000.00, yet the jury gave $5,000.00. The general damages are likewise grossly inadequate and at the conclusion of the case, just before the jury left to go home, the Court informed them of the inadequacy of the award, and suggested that $100,000.00 would have been more adequate under the facts and circumstances of the case. This woman has had two major spinal surgeries and is permanently injured."
From that shockingly inadequate award rendered by the jury, the trial court refused to grant a new trial, reasoning that any remedy would lie upon appeal:
". . .To burden a trial court with that added heavy expense and delay is not an adequate remedy. No matter what the "next" jury does, its finding of fact and law are still subject to review by the appellate courts. The plaintiff's adequate remedy is on appeal now, just as it will be after another trial."
From that judgment, which we now affirm and amend, Lona and Melvin Andry appeal.
On appeal, the Andrys raise three specifications of error:
*1376 1. That the jury was improperly constituted with the result that its verdict on damages is not to be given any weight by this court and that the improperly constituted jury was the result of the trial court's failure to excuse certain or all of the jurors for cause.
2. That the jury erred in failing to award the uncontradicted amount of special damages incurred by the community.
3. That the verdict of the jury on damages was manifestly erroneous in that it failed to compensate plaintiff for all resulting harm, including but not limited to the damages from the second surgical procedure, loss of earning capacity and permanent disability.
The first issue to be addressed by this court is the question of the improperly constituted jury. Counsel for appellants argue that the jury was improperly constituted because of the bias of its members in their belief that should they award adequate damages to the plaintiff, their own insurance premiums would increase.[2] Counsel for plaintiff preserved his objections for purpose of this appeal:
"The Court: Let the record reflect that during the course of voire dire questioning, counsel for plaintiff, Mr. D'Amico did timely in accordance with laws of rules of civil procedure make objections and the Court informed him that he would protect him on the record as to those objections being timely made, and so as not to prejudice him, it would be placed on the record outside the presence of the jury, and the jury has been removed from the courtroom at this particular time, and Mr. D'Amico is protected in this regard. He has challenged and would have challenged Mr. Langhoff for cause, and the Court denied that challenge, so he had to use a peremptory challenge to excuse Mr. Langhoff. He has also challenged specifically for cause Mrs. Joan Schnadelbach.
Mr. D'Amico: And Mr. Peters.
The Court: And Mr. Peters, and challenges for cause were in response to questions that had been asked to these respective jurors with regard to the effect of a monetary award being made in this case on their own insurance rates or premiums that they may be faced with as a result thereof. Generally speaking, Mr. D'Amico has additionally challenged for cause because of their respective responses to the same question, all 13 jurors, and in each instance the specific request to each one of the 13 jurors and the general objection to the entire panel for cause has been by this Court denied." (Tr. Vol. II, pp. 7-8)
Joan Schnadelbach testified that she owned four cars and that she believed her own insurance premiums would increase if plaintiffs were awarded adequate compensation. Schnadelbach was challenged for cause, which challenge was denied by the trial judge. As counsel had used all peremptory challenges, she was accepted over his objections.
John Peters was also accepted over counsel's objection. Peters stated he believed that his own insurance rates would increase should adequate compensation be awarded. Peters is an insured of Cumis Insurance Society, the insurer of the defendant, Susan Lewis, so that Peters believed he had an indirect pecuniary interest in the outcome of the case.
Counsel for plaintiff was forced to use one of his peremptory challenges in order to have Charles H. Langhoff, Jr. dismissed from the panel. Mr. Langhoff admitted that he believed that his own premiums on his automobile insurance would rise if plaintiffs obtained a successful verdict. When *1377 counsel for plaintiff challenged him for cause, that challenge was denied by the trial judge.
Under the rule of law enunciated in DeSalvo v. Rizza, 272 So.2d 27 (La.App. 4th, 1972) by Redmann, J., as organ of the court, the above facts are properly within the scope of our judicial review:
"We conclude that in civil cases the improper overruling of a challenge for cause, requiring a party to exhaust his peremptory challenges before jury completion, also reviewable for purposes of determining whether the appellate court is obliged to treat the verdict with such deference as the manifest error rule affords." At 29.
Finally, when Schnadelbach, Peters, and Langhoff stated that they believed that insurance premiums would rise if plaintiffs were successful, the entire panel of jurors acquiesced.
Our review of the pertinent case law and statutes reveals no controlling law on the specific question asked on voir dire which is presently at issue. A trial court's ruling on the question "If the plaintiffs were adequately compensated or successful in this action, do you believe that insurance rates or your insurance rates and/or premiums would rise?" appears to be res nova to our law.
C.C.P. Art. 1765 provides that:
"A juror may be challenged for cause based upon any of the following:
* * * * * *
(2) When the juror has formed an opinion in the case or is not otherwise impartial, the cause of his bias being immaterial,....". . ."
The jurors belief that their own rates would rise if plaintiff were successful, indicates to this court that the jurors believed they possessed an indirect pecuniary interest in the outcome of the case, which would render them per se incapable of the impartiality required of a juror, as they believed themselves to be the indirect financial beneficiaries of a verdict against the plaintiff. While this viewpoint might not be prejudicial on the question of liability, it would clearly have a prejudicial effect on an award of damages. This inquiry at issue is of such a highly prejudicial nature that its effect would be to taint the entire rest of the proceedings. It is a credit to the strength of plaintiffs' case that the jury rendered an award of $25,000.00 in their favor. We hold that the trial judge's refusal of a challenge for cause, made against jurors who believe that if plaintiffs are adequately compensated or otherwise successful in their action, the jurors insurance rates and/or premiums would rise, is clearly reversible error.
Our review of the record of the instant appeal on the question of liability confirms the verdict of the jury as to that part. We cannot say that the jury was manifestly erroneous on its determination of facts and liability. On the question of quantum, however, we find that the jury clearly abused its discretion under Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976) and Reck v. Stevens, 373 So.2d 498 (La.1979).
A consideration of the particular facts and circumstances of the injuries to this particular plaintiff coupled with a review of prior similar awards and their range[3] leads this court to the inevitable conclusion that the jury clearly abused its *1378 discretion in damages awarded, which award must be increased by this court. Upon review we conclude that an award of $118,280.00 would be adequate compensation to the plaintiffs.
For the reason discussed above, we affirm the judgment of the trial court and amend it to read as follows:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of plaintiff, Lona Andry, wife of Melvin Andry, Jr., and against the defendant All State Insurance Co., to the extent of its policy limits, in the full sum of FIFTY THOUSAND AND NO/100 ($50,000.00) DOLLARS, together with legal interest thereon from the date of judicial demand until paid, AS WELL AS against defendant Cumis Insurance Society, Inc. in the full sum of FIFTY THOUSAND AND NO/100 ($50,000.00) DOLLARS, together with legal interest thereon from the date of judicial demand until paid.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of plaintiff, Melvin Andry, Jr., and against defendant, Cumis Insurance Society, Inc. in the full sum of EIGHTEEN THOUSAND TWO HUNDRED EIGHTY AND NO/100 ($18,280.00) DOLLARS, together with legal interest thereon from the date of judicial demand until paid.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all costs be borne in equal amounts by defendants All State Insurance Co. and Cumis Insurance Society, Inc.
FURTHER AMENDED AND, AS AMENDED, AFFIRMED.
BOUTALL, J., concurs.
BOUTALL, Judge concurring.
I agree with that portion of the decision which increases the amount awarded to the plaintiffs, but I do not agree that the jury was improperly constituted. Code of Civil Procedure, Article 1765 provides that a juror may be challenged for cause "(2) When the juror has formed an opinion in the case or is not otherwise impartial, the cause of his bias being immaterial". The record merely reflects that the questioned jurors believed that their insurance rates would increase if plaintiffs were awarded damages. That alone is insufficient to constitute the basis of a challenge of cause, it being necessary to show that this fact would cause him to be biased or not impartial. There is no showing that the jurors expressed an opinion that they could not render impartial justice despite this rise, and the trial judge, by his overruling of the challenge for cause, apparently believed that insufficient showing was made.
If a juror is excused for cause simply on the basis that he believes his insurance premiums would rise, it would become practically impossible to constitute a jury, and indeed no trial judge could try insurance cases.
In this case, the jury's verdict could have perhaps been based upon a belief that the plaintiff was sufficiently cured by treatment of the first physician. I believe that such a conclusion is clearly wrong and manifestly erroneous because of the uncontradicted testimony of the later treating physicians that the continued complaints of pain and further treatment were all occasioned by the collision sued upon.
NOTES
[1] The amount of damages prayed for was later increased to $185,000.00 by supplemental and amended petition.
[2] We note that it was plaintiff's counsel who asked the question that if plaintiffs recovered, did the jurors believe their own rates would rise, but we find that his actions were justified in light of the prior questions raised by the defense. The defense counsel opened the door by asking the jurors if they owned houses and/or cars, and were those assets insured or did they pay insurance premiums.
[3] We are indebted to all counsel who submitted briefs on appeal for their excellent review of the case law on quantum, including but not limited to the following:

Huval v. Sinitiere, 376 So.2d 548 (La.App.3rd, 1979), award of $100,000.00; Ferrero v. United States, 603 F.2d 510 (5th Cir., 1979) award of $375,000.00; Pisciotta v. Allstate Insurance Co., 385 So.2d 1176, La. 1979-award of $50,525.00; Spain v. Travelers Indemnity Co., 321 So.2d 10 (App.3rd, 1975)-award of $100,000.00; Moss v. Security National Insurance Co., 350 So.2d 247 (App.3rd, 1977)-award of $15,000.00; Derouen v. Southern Pacific Transport Co., 351 So.2d 300 (La.App.3rd, 1977)-award of $17,500.00; Polman v. Mohasco Corp., 371 So.2d 838 (La.App.4th, 1978)-award of $525,000.00.