BARRY, Judge.
Curklin Atkins filed suit against three partners of/and the law firm of Sessions, Fishman, Boisfontaine, Nathan, Winn, Butler & Barkley pursuant to La.R.S. 23:1006(D) alleging racial discrimination.
Paragraphs 8, 9 and 10 of the petition allege that the defendants informed Atkins that the firm had lost several cases in Orleans Civil District Court because the cases were litigated before black judges and/or black or majority black juries and the partners wanted a black attorney involved under those circumstances. One partner allegedly told Atkins that black judges and jurors were not concerned with the merits of a case but “how far they could stick it to us.” Atkins also alleged that during his job interview with the firm one of the partners stated that black persons in New Orleans do not understand how insurance claims resulted in higher premiums, and black jurors were uneducated and could not understand the facts of a case. Atkins claims he was told the problem was rooted in the public school system (that should never have been integrated) and the erroneous decision in Brown v. Board of Education.
Due to the nature of the allegations defendants filed a motion to change the venue because the evidence would involve the alleged derogatory comments about black jurors and it would be impossible to obtain a fair trial in Orleans Parish.
At the venue hearing the defendants presented Dr. Richard Ryan, Ph.D., senior vice-president of the Gallop organization, who conducted a random sampling of 500 potential Orleans Parish jurors selected from a statewide report of registered voters from the Secretary of State. Ryan explained how the survey was taken and monitored, the results, and his interpretation of the information. The data indicated that of black potential Orleans Parish jurors who said they could be unbiased, 40% said they would find the law firm guilty after hearing three of the most relevant allegations in Atkins’ petition. Ryan said if that percentage was added to voters who had “no stated position” there was a possibility that 8 out of 10 potential black jurors who said they could be unbiased would nevertheless find the defendants guilty.
Atkins presented Dr. Doris LaBlanc, psychiatrist, who testified that she was not impressed with Dr. Ryan’s conclusions. She said that a survey can be skewed to extract whatever information a person wants in order to reach a particular result.
The trial court denied the motion for change of venue. The Reasons for Judgment note that defendants’ poll was only from registered voters and that cognitive dissidence (an unconscious negative attitude about people who are the source of information that has upset a person’s psychology) can be a problem in every case. The court observed that it would be a danger to plaintiff and defendants to change the venue and have a jury chosen from a narrow geographical district with a small populace. The court concluded:
This Court cannot believe at this point that an impartial panel of twelve individ *28 uals cannot be selected after extensive voir dire, careful and liberal challenges of jurors for cause, and the standard peremptory challenges.
[[Image here]]
It is the intent of this Court to empanel a fair and impartial jury in Orleans Parish. The Court believes it will be successful. The process may be tedious. The process will be fair to both plaintiff and defendants. This Court firmly believes that most people, when cloaked with the power of jurors, try to do what’s right and put their personal prejudices aside. Certainly there are those who have proclivities and preconceived notions. All people do, judges included. This Court believes people rise to the occasion. And this Court believes that Orleans Parish jurors will rise to the occasion and will decide this case on the law and the facts presented in Court. If it cannot be done in Orleans Parish, it is doubtful it can be done anywhere.
In the event that an impartial jury cannot be empaneled, the defendants may renew their motion to suggest other appropriate alternatives, (footnote omitted). (citations omitted).
La.C.C.P. Art. 122 provides for a change of venue when a party “cannot obtain a fair and impartial trial because of the undue influence of an adverse party, prejudice existing in the public mind, or some other sufficient cause.” The party seeking a change of venue has the burden of showing sufficient cause as to why he is unable to obtain an impartial trial in the court of original venue. Bennett v. Sedco Maritime, 520 So.2d 894 (La.App. 3rd Cir.1987). A trial court’s determination will not be disturbed absent a clear abuse of discretion. Savoie v. McCall’s Boat Rentals, Inc., 491 So.2d 94 (La.App. 3rd Cir.1986), writ denied 494 So.2d 334, 542 (La.1986).
The trial court considered Dr. Lablanc’s testimony that survey data can be used to support a particular position. Dr. Ryan did not state that it was impossible to empanel a fair jury, rather that a percentage of black prospective jurors may not be fair. Obviously there remains prospective black jurors who can be impartial under the alleged facts of this litigation.
Based on this record, the defendants do not convince us that they cannot receive a fair trial in Orleans Parish.
The trial court properly denied the motion for a change of venue with the stated reservation that the defendants may renew their motion.
WRIT DENIED.