| | | |
|---|---|---|
| THE PARISH OF PLAQUEMINES | * | NO. 2018-C-0346 |
| | * | |
| VERSUS | | COURT OF APPEAL |
| | * | |
| ROZEL OPERATING COMPANY, ET AL. | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

* * * * * * *

| | |
|---|---|
| <u>CONSOLIDATED WITH:</u> | <u>CONSOLIDATED WITH:</u> |
| THE PARISH OF PLAQUEMINES | NO. 2018-C-0348 |
| VERSUS | |
| CONOCOPHILLIPS COMPANY, ET AL. | |

| | |
|---|---|
| <u>CONSOLIDATED WITH:</u> | <u>CONSOLIDATED WITH:</u> |
| THE PARISH OF PLAQUEMINES | NO. 2018-C-0349 |
| VERSUS | |
| EQUITABLE PETROLEUM CORPORATION, CHEVRON U.S.A., INC. EXXON MOBIL CORPORATION, HELIS OIL & GAS COMPANY, LLC, ANADARKO E&P ONSHORE, LLC, AND CHEVRON PIPELINE COMPANY | |

| **CONSOLIDATED WITH:** | **CONSOLIDATED WITH:** |
|---|---|

**THE PARISH OF PLAQUEMINES**          **NO. 2018-C-0350**

**VERSUS**

**HELIS OIL & GAS COMPANY,
LLC AND CHEVRON U.S.A., INC.**

APPLICATION FOR WRITS DIRECTED TO
25TH JDC, PARISH OF PLAQUEMINES
NO. 60-996, C/W 60-982, 60-986, 60-990, DIVISION "B"
Honorable Michael D. Clement
* * * * * *
**Judge Nakisha Ervin-Knott**
* * * * * *

(Court composed of Judge Paula A. Brown, Judge Dale N. Atkins, Judge Nakisha Ervin-Knott)

Donald T. Carmouche
Victor L. Marcello
John H. Carmouche
William R. Coenen, III
Brian T. Carmouche
Todd J. Wimberley
Ross J. Donnes
D. Adele Owen
Leah C. Poole
Christopher D. Martin
Michael L. Heaton
TALBOT, CARMOUCHE & MARCELLO
17405 Perkins Road
Baton Rouge, Louisiana 70810

W. Peter Connick
CONNICK AND CONNICK
3421 N. Causeway Boulevard, Suite 408
Metairie, Louisiana 70002

Philip F. Cossich, Jr.
Darren Sumich
David A. Parsiola
Brandon J. Taylor
COSSICH, SUMICH, PARSIOLA & TAYLOR, L.L.C.
8397 Highway 23, Suite 100
Belle Chasse, Louisiana 70037-2648
Bruce D. Burglass, Jr.
Andre' C. Gaudin
Scott O. Gaspard

BURGLASS & TANKERSLEY, LLC
5213 Airline Drive
Metairie, LA 70001-5602

COUNSEL FOR RESPONDENT/PLAINTIFF, THE PARISH OF PLAQUEMINES

Kelly Brechtel Becker
James E. Lapeze, Esq.
Lauren R. Bridges
Mark R. Deethardt
Tiffany D. Davis
Erin E. Bambrick
Cristian M. Soler
Robert B. McNeal
R. Keith Jarrett
Mark L. McNamara
Dana M. Douglas
LISKOW & LEWIS
Hancock Whitney Center
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139

Jamie D. Rhymes
George Arceneaux III
Brittan J. Bush
John S. Troutman
Randee V. Iles
William J. Heaton
LISKOW & LEWIS
1200 Camellia Blvd., Suite 300
Lafayette, Louisiana 70508

Nancy Milburn (admitted *pro hac vice*)
ARNOLD & PORTER
250 West 55th Street
New York, New York 10019-9710

Barry W. Ashe
John P. Farnsworth
Daria B. Diaz
Brooke C. Tigchelaar
STONE PIGMAN WALTER WITTMAN, L.L.C.
546 Carondelet Street
New Orleans, LA 70130

Roy C. Cheatwood
Monica A Frois
Matthew A. Woolf

Tyler L. Weidlich
BAKER, DONELSON, BEARMAN, CALDWELL, & BERKOWITZ
201 St. Charles Avenue, Suite 3600
New Orleans, LA 70170

COUNSEL FOR RELATORS/DEFENDANTS, SHELL OIL COMPANY, EXXON MOBIL CORPORATION, BP AMERICA PRODUCTION COMPANY, NOBLE ENERGY INC., AND ATLANTIC RICHFIELD COMPANY

Deborah D. Kuchler
Robert E. Guidry
Michelle Hale DeShazo
Janika D. Polk
Sarah E. Iiams
Mark E. Best
Nicholas S. Wise
KUCHLER POLK WEINER, LLC
1615 Poydras Street, Suite 1300
New Orleans, Louisiana 70112

COUNSEL FOR RELATORS/DEFENDANTS, CONOCOPHILLIPS COMPANY, AND THE LOUISIANA LAND AND EXPLORATION COMPANY LLC

Michael P. Cash
LISKOW & LEWIS
First City Tower, 1001 Fannin Street
Houston, Texas 77002-6756

Martin A. Stern
Glen M. Pilie
David M. Stein
Jeffrey E. Richardson
ADAMS AND REESE LLP
701 Poydras Street, Suite 4500
New Orleans, Louisiana 70139

COUNSEL FOR RELATOR/DEFENDANT, EXXON MOBIL CORPORATION

Kathryn Z. Gonski
LISKOW & LEWIS
Hancock Whitney Center

701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099

    COUNSEL FOR RELATOR/DEFENDANT, XH, LLC

John Michael Parker
Edward D. Hughes
TAYLOR, PORTER, BROOKS & PHILLIPS L.L.P.
450 Laurel Street, 8th Floor (70801)
P.O. Box 2471
Baton Rouge, Louisiana 70821-2371

    COUNSEL FOR RELATOR/DEFENDANT, HELIS OIL & GAS
    COMPANY, LLC

J. Blake Canfield
Executive Counsel
Donald W. Price
Special Counsel
Louisiana Department of Natural Resources
Post Office Box 94396
Baton Rouge, Louisiana 70804

Megan K. Terrell
Legal Advisor
Governor's Office of Coastal Activities
900 North Third Street
Capitol Building, Fourth Floor
Baton Rouge, Louisiana 70802

    COUNSEL FOR RESPONDENT/INTERVENOR, THE STATE OF
    LOUISIANA, THROUGH THE LOUISIANA DEPARTMENT OF
    NATURAL RESOURCES

JEFF LANDRY
ATTORNEY GENERAL
Ryan M. Seidemann

Michelle M. White
Wilbur L. Stiles, III
Elizabeth B. Murrill
Harry J. Vorhoff
Michael S. Heier
Assistant Attorneys General
LOUISIANA DEPARTMENT OF JUSTICE
Civil Division
1885 North Third Street
Baton Rouge, Louisiana 70804-9005

COUNSEL FOR RESPONDENT/INTERVENOR, THE STATE OF
LOUISIANA, EX REL. JEFF LANDRY, ATTORNEY GENERAL

**WRIT GRANTED; RELIEF DENIED; AFFIRMED AS AMENDED**
**MAY 22, 2024**

NEK
PAB
DNA

BP America Production Company; Atlantic Richfield Company; Exxon Mobil Corporation; ConocoPhillips Company; the Louisiana Land and Exploration Company, LLC; XH, LLC; and Helis Oil & Gas Company, LLC (collectively "Relators") seek review of the trial court's March 19, 2018 judgment denying their motions to change venue and granting the Parish of Plaquemines' ("Respondent") motion in limine to exclude testimony of Tom Goldstein ("Mr. Goldstein"). For the following reasons, we grant Relators' writ application and affirm the trial court's judgment as amended.

## FACTUAL AND PROCEDURAL HISTORY

The facts of this case have been succinctly outlined in *Par. of Plaquemines v. Rozel Operating Co., et al*, No. 18-5189, 2023 WL 3336640, *1 (E.D. La. May 10, 2023). As such, we incorporate a portion of that recitation herein:

> This case is one of many brought in Louisiana to determine the role played by oil and gas companies' oil production activities in the rapid loss of Louisiana's coastal wetlands. In each of the cases, Louisiana coastal parishes brought suit in state court against a collection of oil and gas companies, alleging that their oil production activities created pollution and land loss along Louisiana's coast. Specifically, Plaintiffs[1] sue for violation of Louisiana's State and Local Coastal

---

[1] On November 8, 2013, Respondent filed twenty-one separate petitions for damages on behalf of itself and the State of Louisiana, *ex. rel.* Parish of Plaquemines naming various oil and gas

1

Resources Management Act of 1978 ("SLCRMA"). The SLCRMA regulates conduct within the Coastal Zone of Louisiana via a permitting system and provides a cause of action against companies that violate or fail to obtain permits. Each lawsuit alleges violations of the SLCRMA based on oil production activities that occurred in a specifically defined area along Louisiana's coast ("the Operational Area").

Throughout 2017, the defendant-oil and gas companies – inclusive of Relators – filed motions to change venue asserting Plaquemines Parish residents have financial and direct, personal interests in the outcome of this litigation; the Parish's small size increases the probable inability to seat an impartial jury; and voir dire is an inadequate remedy to the constitutional problems.[2] Several exhibits were filed in support of these motions to change venue – the 2017 Louisiana's Comprehensive Master Plan for a Sustainable Coast; various local and national news articles reports; correspondence from Governor John Bel Edwards; and an affidavit from Mr. Goldstein, a professor of journalism and director of media studies at the University of California at Berkeley. Respondent and the State filed oppositions to the motions to change venue, and Respondent filed a motion in limine to exclude testimony of Mr. Goldstein.

On February 8, 2018, the trial court heard the motions to change venue and motion in limine and took these matters under advisement. Several weeks later, on March 19, 2018, the trial court issued a judgment and reasons for judgment denying the motions for change of venue and granting the motion in limine.[3] Relators timely

_____

companies as defendants. Subsequent to the filing of these petitions, the State of Louisiana, *ex. rel.* Jeff Landry, Attorney General and the State of Louisiana, through the Louisiana Department of Natural Resources, Office of Coastal Management and its Secretary, Thomas F. Harris (collectively "The State"), filed intervention petitions and intervened into this litigation as plaintiffs. Thus, for purposes of these writ applications before this Court, the Plaintiffs are Plaquemines Parish and the State.

[2] These motions to change venue were filed in five of the twenty-one Plaintiffs' suits.

[3] Upon review of the record, it appears the trial court issued one judgment and reasons for judgment regarding the motions to change venue and motion in limine that applied to the five separate suits.

filed writ applications in April 2018, and soon thereafter, this Court consolidated the separate writ applications.

Prior to this Court's resolution of these consolidated writ applications, the underlying cases were removed to federal court on May 23, 2018. Due to the removal, on July 18, 2018, this Court ordered a stay in these matters. On March 12, 2024, Relators and Respondent filed a joint motion to lift stay, in part, and for supplemental briefing, which was granted.[4] We now conduct supervisory review of the trial court's March 19, 2018 judgment.

## DISCUSSION

Relators assert the trial court erred in denying their motions to change venue and granting Respondent's motion in limine to exclude testimony of Mr. Goldstein.

### *Motions to Change Venue*

A party may obtain a change of venue "upon proof that he [or she] cannot obtain a fair and impartial trial because of the undue influence of an adverse party, prejudice existing in the public mind, or some other sufficient cause." La. C.C.P. art. 122. "The party seeking a change of venue has the burden of showing sufficient cause as to why he is unable to obtain an impartial trial in the court of original venue." *Atkins v. Strayhan*, 559 So.2d 26, 28 (La. App. 4th Cir. 1990) (quoting *Bennett v. Sedco Maritime,* 520 So.2d 894, 902 (La. App. 3d Cir.1987)). "A trial court's determination will not be disturbed absent a clear abuse of discretion." *Id.*

---

[4] The joint motion referenced the fact that four of the five cases that comprise these consolidated writ applications were remanded back to state court. This Court lifted the stay and allowed supplemental briefing in these four cases – Case Nos. 2018-C-0346, 2018-C-0348, 2018-C-0349, and 2018-C-0350. In the one case still pending in federal court – Case No. 2018-C-0347 – this Court ordered its deconsolidation from the other four cases and maintained the stay pending further orders of this Court.

3

(citing *Savoie v. McCall's Boat Rentals, Inc.,* 491 So.2d 94, 99 (La. App. 3d Cir. 1986)).

Respondent filed suit alleging violations under the SLCRMA. In accordance with the mandatory venue provision under this Act, a civil action "must be brought in any parish in which the use or activity is situated." La. R.S. 49:214.36(G). As the basis of these lawsuits relate to coastal erosion in Plaquemines Parish, Respondent properly filed suit in Plaquemines Parish. Relators filed motions to change venue asserting Plaquemines Parish residents have a personal and financial interest in the outcome of this litigation, which creates a serious risk that a fair and impartial jury cannot be empaneled in Plaquemines Parish. Relators maintain that proceeding with this litigation in this Parish would violate their due process rights to a fair trial before an impartial jury.

In their briefs, Relators argue the trial court applied an incorrect legal test in requiring proof of actual juror bias against the oil and gas industry. According to Relators, they are only required to show a serious risk of actual bias. To support their contention, Relators cite *Caperton v. A.T. Massey Coal Co.*, highlighting the United States Supreme Court's statement regarding due process:

> [T]he Due Process Clause has been implemented by objective standards that do not require proof of actual bias. In defining these standards the Court has asked whether, "under a realistic appraisal of psychological tendencies and human weakness," the interest "poses such a risk of actual bias or prejudgment that the practice must be forbidden if the guarantee of due process is to be adequately implemented."

556 U.S. 868, 883-84, 129 S.Ct. 2252, 173 L.Ed.2d 1208 (2009) (internal citations omitted). However, *Caperton* is factually distinguishable from the matter herein as that case involved the failure of a state supreme court justice to recuse himself under circumstances that indicated a high probability of bias. Here, we are dealing with a

4

jury trial and Relators' failure to put forth evidence demonstrating community-wide partiality against oil and gas companies in such a way that warrants a change of venue. Moreover, we note the standards for judicial recusals and change of venue under La. C.C.P. art. 122 are not the same. The language of La. C.C.P. art. 122 is clear – a person attempting to change venue must show "proof that he [or she] cannot obtain a fair and impartial trial . . . ." Thus, Relators needed to put forth evidence that the potential jurors in Plaquemines Parish are incapable of being impartial.

The majority of Relators' arguments in favor of a change in venue fall within the "some other sufficient cause" category of La. C.C.P. art. 122 – Plaquemines Parish residents have financial and personal interests in the outcome of this litigation. Focusing on the financial interest, Relators attach as exhibits several publications that allude to the financial benefits of coastal restoration in Plaquemines Parish, ranging from decreased insurance premiums to a rejuvenated economy. Relators cite to *Wilson v. City of New Orleans*, in which our Supreme Court stated, "Due Process requires that a decision maker not have a direct or indirect financial stake which would give a possible temptation to the average person as a decision maker to make him partisan . . . ." 479 So.2d 891, 901 (La. 1985) (citing *Ward v. Monroeville,* 409 U.S. 57, 60, 93 S.Ct. 80, 34 L.Ed.2d 267 (1972); *Tumey v. Ohio,* 273 U.S. 510, 523, 47 S.Ct. 437, 71 L.Ed. 749 (1927)). Further, Relators cite to *Andry v. Cumis Ins. Soc. Inc.*, where this Court suggested a juror is "per se incapable of the impartiality required of a juror" when he or she has a pecuniary interest in the outcome of the case. 387 So.2d 1374, 1377 (La. App. 4th Cir. 1980).

Nevertheless, the cases cited by Relators are distinguishable as neither case deals with a change of venue under La. C.C.P. art. 122. In *Wilson*, the issue pertained to the City's procedure for immobilizing vehicles with excessive parking tickets and

5

whether the decision to "boot" vehicles was made before a neutral decision maker. And, in *Andry*, the issue was the trial court's refusal of a challenge for cause made against jurors during *voir dire*, who believed their insurance rates would increase if plaintiffs were adequately compensated. In the matter before this Court, we are dealing with motions to change venue where Relators are asserting community-wide partiality prior to *voir dire* without evidence of any inquiry into Plaquemines Parish residents' potential prejudice or partiality. Although news articles and reports indicate possible financial incentives related to this litigation, there are also media publications criticizing this litigation due to the negative effects these cases could have on Louisiana's oil and gas industry. Thus, we find Relators failed to put forth evidence showing they would be unable to empanel a fair and impartial jury in Plaquemines Parish due to the residents' financial interest in the litigation.

Pivoting to the personal interest, Relators cite to the 2017 Louisiana's Comprehensive Master Plan for a Sustainable Coast, where the State acknowledged:

> Flooding costs are not just about dollars and cents. When a home or business floods, people suffer. They lose family treasures, they lose sleep, and they lose precious time trying to get back to a starting point that is threatened by each new flood. Even when there is a respite from disaster, coastal residents must live with the question of whether they and their homes will be safe in the long run.

In supplemental briefing, Relators reference the 2023 Louisiana's Comprehensive Master Plan for a Sustainable Coast, which they contend affirms the personal interest articulated in the 2017 Master Plan. Additionally, Relators reference a *Times Picayune* article, which said, "The fact that South Louisiana is sinking and that our coastline is washing away is not news to people here. The evidence is everywhere. … But in the post-Katrina age, we have discovered that we are more vulnerable than many of us realized." Relators cite to non-Louisiana cases to establish courts have

6

ordered a change of venue when a community of prospective jurors have a direct, personal interest in the outcome of a case. First, we acknowledge these cases are non-binding on this Court. Second, in *Ex parte Monsanto Co.*, 794 So.2d 350, 358 (Ala. 2001), the Alabama Supreme Court did not order a change in venue; rather, it directed the trial court to rule on the motion to change venue. Although the Alabama Supreme Court later recognized the trial court ordered the motion to change venue, it did not provide any insight as to the trial court's reasoning for the change in venue nor did its opinion address this issue. *See Ex parte Monsanto Co.*, 862 So.2d 595, 600 (Ala. 2003). Next, in *Haugo v. Haaland*, 349 N.W.2d 25 (N.D. 1984), the North Dakota Supreme Court affirmed the trial court's decision granting a change in venue. However, the affidavits that the trial court relied on in rendering its decision provided actual insight as to the thoughts and attitudes of the residents in that county. *See Haugo*, 349 N.W.2d at 27-28. Last, in *Althiser v. Richmondville Creamery Co.*, 215 N.Y.S.2d 122 (1961), the New York state appellate court affirmed the trial court's decision to grant the defendants' motion to change the place of trial. Even so, the appellate court's decision rested on its finding that defendants provided sufficient proof to meet the minimal statutory requirements regarding change of venue. *See Althiser*, 215 N.Y.S.2d at 124. As such, we are not persuaded by these non-binding cases.

This Court addressed a motion to change venue in *Atkins, supra*. In *Atkins*, plaintiff brought a racial discrimination suit against a law firm and three partners, who made disparaging comments about black judges and juries. *Id.* at 27. Defendants filed a motion to change venue, asserting it would be impossible to obtain a fair trial in Orleans Parish due to the nature of the allegations. *Id.* At the hearing on the motion, defendants presented an expert who conducted a random

sampling of 500 potential Orleans Parish voters. *Id.* This expert explained the results of the sampling showed that forty percent of the black potential Orleans Parish jurors who said they could remain unbiased would find the law firm guilty after hearing the top three most relevant allegations in plaintiff's petition. *Id.* The expert further opined that if this percentage was added to the voters who had "no stated position", it was possible that eight out of ten potential black jurors who said they could remain unbiased would find defendants liable. *Id.* Plaintiff also presented an expert-psychiatrist who questioned the results of the sampling. *Id.* The trial court denied the motion, stating, in part, "This [c]ourt cannot believe at this point that an impartial panel of twelve individuals cannot be selected after extensive voir dire, careful and liberal challenges of jurors for cause, and the standard peremptory challenges." *Id.* at 27-28. The trial court concluded its reasons for judgment by stating, "In the event that an impartial jury cannot be empaneled, the defendants may renew their motion to suggest other appropriate alternatives." *Id.* at 28.

On application for supervisory writ, this Court denied writ, noting defendants' expert "did not state that it was impossible to empanel a fair jury, rather that a percentage of black prospective jurors may not be fair" and "there remains prospective black jurors who can be impartial under the alleged facts of this litigation." *Id.* We recognized "[t]he trial court properly denied the motion for a change of venue with the stated reservation that the defendants may renew their motion." *Id.*

Just as the trial court in *Atkins* evaluated the evidence presented and determined the motion to change venue was not warranted, the trial court in this matter evaluated the evidence presented and determined the motions to change venue were not warranted. Unlike the *Atkins* defendants, whose expert sampled

potential jurors in Orleans Parish to arrive at the assertion that it would be impossible to empanel a fair and impartial jury, Relators provide no data to support their position that a fair and impartial jury cannot be obtained in Plaquemines Parish. Relators attempt to use local and national news reports and their journalism expert, Mr. Goldstein, to show the extensive media coverage regarding coastal erosion and this litigation. The voluminous news reports and articles show the public's knowledge of coastal erosion, its effect on Louisiana – particularly Plaquemines Parish – and the potential financial pros and cons of this litigation. However, neither the news articles and reports nor Mr. Goldstein's review of these articles and reports demonstrate Plaquemines Parish residents are partial, thus, necessitating a change in venue. In its reasons for judgment, the trial court stated:

> Defendants [Relators] are essentially asking the [c]ourt to assume without adequate proof that every potential juror in this parish is incapable of being unbiased and impartial as to the oil and gas industry because of their financial self-interest and the threat of coastal erosion to the residents of the parish.

The trial court determined Relators did not present evidence of the Plaquemines Parish community's actual thoughts about this litigation and the potential prejudicial effects of pretrial publicity. We agree. Based on the record, Relators have not demonstrated that they cannot receive a fair trial in Plaquemines Parish. Therefore, the trial court did not abuse its discretion in denying the motions to change venue. However, the trial court did not expressly afford Relators the opportunity to re-urge their motions. In line with the *Atkins* Court, we amend the trial court's judgment for the limited purpose of allowing Relators the opportunity to re-urge their motions in the event an impartial jury cannot be empaneled.

***Motion in Limine to Exclude Testimony of Mr. Goldstein***

"A trial court has broad discretion when considering evidentiary matters, including motions *in limine*." *PVCA, Inc. v. Pacific West TD Fund LP*, 2020-0327, p. 4 (La. App. 4 Cir. 1/20/21), 313 So.3d 320, 326 (quoting *Certain Underwriters at Lloyd's London v. United States Steel Corp.*, 2019-1730, p. 1 (La. 1/28/20), 288 So.3d 120, 121). "Thus, we are tasked with determining 'whether the trial court abused its great discretion in ruling on a motion *in limine*.'" *Id.* (quoting *Cooper v. Pub. Belt R.R.*, 2002-2051, p. 3 (La. App. 4 Cir. 1/22/03), 839 So.2d 181, 183).

In support of their motions to change venue, Relators attach an affidavit from Mr. Goldstein, in which he analyzed media coverage of the coastal erosion in Plaquemines Parish. In his affidavit, Mr. Goldstein attested he reviewed publications that service the Plaquemines Parish community – *The Plaquemines Gazelle*, *The Times Picayune*, and *The New Orleans Advocate* – as well as academic studies, government documents, national press, and local broadcasts. He opined that media coverage of the coastal erosion story is remarkable in that the story directly affects the entire community, and the intensity of the story has increased over time. Mr. Goldstein further attested his research revealed how significantly coastal erosion is woven into the lives of the Plaquemines Parish community.

Responding to the motions to change venue, Respondent filed a motion in limine to exclude Mr. Goldstein's proffered testimony, asserting he is not qualified to provide opinion testimony that prejudice exists in Plaquemines Parish so as to warrant a change in venue. Additionally, Respondent asserted Mr. Goldstein did not utilize reliable methodology to arrive at his conclusions; his opinions were irrelevant; and his opinions did not meet the standards for expert testimony established in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113

10

S.Ct. 2786, 125 L.Ed.2d 469 (1993), and *State v. Foret*, 628 So.2d 1116 (La. 1993).[5] Respondent attached Mr. Goldstein's deposition to its motion in limine. Although Mr. Goldstein reviewed local and national publications and broadcasts related to coastal erosion, when deposed, he admitted he did not interview any Plaquemines Parish residents prior to reaching his conclusions. Mr. Goldstein further acknowledged he did not poll the Plaquemines Parish residents to evaluate their opinions about the lawsuit; did not scientifically analyze how the population in Plaquemines Parish thought or received information; and could not offer an opinion as to whether "there [was] any prejudice one way or the other in Plaquemines Parish." Additionally, when questioned whether he knew the effects the media coverage had on the Plaquemines Parish population, Mr. Goldstein responded he could make "informed speculation."

"The requirements of expert testimony are set forth in La. C.E. art. 702, which provides: If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education may testify thereto in the form of an opinion or otherwise." *Versluis v. Gulf Coast Transit Co.*, 2008-0729, p. 4 (La. App. 4 Cir. 7/29/09), 17 So.3d 459, 463. Further, "[a] trial court has broad discretion in determining who should or should not be permitted to testify as an expert and whether the expert testimony is admissible, and its judgment with respect to such matters will not be disturbed on appeal unless manifestly erroneous." *Pete v. Boland Marine & Mfg. Co.*, 2021-0626, p. 22 (La. App. 4 Cir. 1/5/23), 356

---

[5] In *State v. Foret*, the Louisiana Supreme Court adopted the *Daubert* standard for admissibility of expert testimony in Louisiana state courts. 628 So.2d at 1123.

So.3d 1147, 1162 (citing *Iteld v. Four Corners Const., L.P,* 2012-1504, 2012-1505, 2012-1506, p. 25 (La. App. 4 Cir. 6/5/13), 157 So.3d 702, 718).

The trial court stated in its reasons for judgment:

> [T]he opinion evidence provided by Goldstein does nothing to assist the [c]ourt in determining whether venue should be changed. All Goldstein did was read articles from local newspapers to point out that the issue of costal erosion has been frequently featured…the Court does not need an expert such as Goldstein to help it understand that the residents of this parish have been regularly exposed to news coverage about coastal erosion.

The facts are undisputed. Mr. Goldstein did not speak with any Plaquemines Parish residents regarding their attitudes about the lawsuit, and he could not opine on whether the residents were prejudiced by the media coverage. As stated above, a change of venue is proper when a party can show that he or she "cannot obtain a fair and impartial trial because of the undue influence of an adverse party, prejudice existing in the public mind, or some other sufficient cause." La. C.C.P. art. 122. In the matter herein, prejudice and impartiality are at issue. Mr. Goldstein's testimony was irrelevant regarding whether a change in venue was warranted based on prejudice and a lack of impartiality. Accordingly, we find the trial court did not abuse its discretion in granting the motion in limine.

### DECREE

Based on the foregoing reasons, we grant Relators' writ applications and affirm the trial court's judgment with respect to the motions to change venue and motion in limine. However, we amend the judgment for the limited purpose of reserving Relators' right to renew their motions to change venue if a fair and impartial jury cannot be empaneled in Plaquemines Parish.

**WRIT GRANTED; RELIEF DENIED; AFFIRMED AS AMENDED**